Okanogan County Prosecuting Attorney, P.O. Box 1130, Okanogan, WA 98901
Dear Prosecutor Sloan:
By letter previously acknowledged, you have requested our opinion on the following questions:
1. Does a properly permitted off-road vehicle(ORV) displaying a current ORV tag qualify as a "licensed" vehiclethat may be operated over and along a public highway?
2. In the alternative, is an ORV that has a validORV use permit and is displaying a current ORV tag prohibited fromoperating over and along a public highway?
3. Can a city, county, or other politicalsubdivision of this state adopt regulations or ordinances topermit the operation of ORVs on streets or highways within itsboundaries, where those streets or highways are "public highways"or are open to the use of the public for purposes of vehiculartravel?
 BRIEF ANSWER
A properly permitted ORV displaying a current ORV tag may not be operated over and along a public highway. It may be operated only on certain nonhighway roads, parking areas, and private nonhighway roads described in RCW 46.09.115. Unless a street meets the definition of "nonhighway road" in RCW 46.09.020(7), a city, county, or other political subdivision of this state may not adopt regulations or ordinances to permit the operation of ORVs on streets or highways within its boundaries.
 ANALYSIS
As you noted in your request letter, the 2005 Legislature enacted Engrossed House Bill 1003 (EHB 1003) relating to the operation of off-road vehicles (ORVs) on roadways. In enacting EHB 1003, the Legislature included findings, codified at RCW 46.09.010, which provide:
The legislature finds that off-road recreational vehicles (ORVs) provide opportunities for a wide variety of outdoor recreation activities. The legislature further finds that the limited amount of ORV recreation areas presents a challenge for ORV recreational users, natural resource land managers, and private landowners. The legislature further finds that many nonhighway roads provide opportunities for ORV use and that these opportunities may reduce conflicts between users and facilitate responsible ORV recreation. However, restrictions intended for motor vehicles may prevent ORV use on certain roads, including forest service roads. Therefore, the legislature finds that local, state, and federal jurisdictions should be given the flexibility to allow ORV use on nonhighway roads they own and manage or for which they are authorized to allow public ORV use under an easement granted by the owner. Nothing in this act authorizes trespass on private property.
Engrossed H.B. 1003, 59th Leg., Reg. Sess. (Wash. 2005).
Your questions relate to interpretation of RCW Title 46 in light of EHB 1003.
1. Does a properly permitted off-road vehicle (ORV) displaying acurrent ORV tag qualify as a "licensed" vehicle that may beoperated over and along a public highway?
The starting proposition for vehicle use on public highways is that vehicles must be licensed. Specifically, RCW 46.16.010(1) provides:
It is unlawful for a person to operate any vehicle over and along a public highway of this state without first having obtained and having in full force and effect a current and proper vehicle license and display vehicle license number plates therefor as by this chapter provided.
There are exceptions to this general rule, and EHB 1003 amended RCW 46.16.010 to add an additional exception. The amended RCW46.16.010(5) now provides:
These provisions shall not apply to the following vehicles:
. . . .
(c) Off-road vehicles[1] operating on nonhighway roads under RCW 46.09.115.
EHB 1003 also amended RCW 46.09 (the chapter that regulates ORV use) by adding a new section, now codified at RCW 46.09.115, which provides:
(1) Except as otherwise provided in this section, it is lawful to operate an off-road vehicle upon a nonhighway road and in parking areas serving designated off-road vehicle areas if the state, federal, local, or private authority responsible for the management of the nonhighway road authorizes the use of off-road vehicles.
(2) Operations [sic] of an off-road vehicle on a nonhighway road under this section is exempt from licensing requirements of RCW 46.16.010 and vehicle lighting and equipment requirements of chapter 46.37 RCW.
(3) It is unlawful to operate an off-road vehicle upon a private nonhighway road if the road owner has not authorized the use of off-road vehicles.
(4) Nothing in this section authorizes trespass on private property.
The new RCW 46.09.115 works in conjunction with the pre-existing RCW 46.09.040. RCW 46.09.040 provides:
Except as provided in this chapter, no person shall operate any off-road vehicle within this state after January 1, 1978, unless the off-road vehicle has been assigned an ORV use permit and displays a current ORV tag in accordance with the provisions of this chapter: PROVIDED, That registration and display of an unexpired ATV use permit shall be deemed to have complied with this section.
The combination of the previously existing regulatory framework and EHB 1003 achieves the result referred to by the Governor in her veto message as providing "further flexibility for off-road vehicle users by permitting, in certain circumstances, the operation of the vehicle on non-highway roads to facilitate greater access to off-road vehicle specific trails." Governor's Partial Veto Message on EHB 1003 (Apr. 28, 2005); Washington StateGrange v. Locke, 153 Wn.2d 475, 490, 105 P.3d 9 (2005) (holding that Washington courts may look to the Governor's interpretation of legislation as an element of legislative history when interpreting statutes.). The three main features of ORV regulation are:
• ORVs are exempted from the vehicle licensing requirements of RCW 46.16.010 and the lighting and equipment requirements of RCW 46.37 as long as the ORVs are operated on nonhighway roads under RCW 46.09.115;
• ORVs may be operated on nonhighway roads, parking areas, and private nonhighway roads designated by responsible state, federal, local, or private authority under RCW 46.09.115; and
• ORV operators must obtain and display an ORV permit and tag under RCW 46.09.040.
Your question poses the possibility that as long as an ORV is permitted and tagged under RCW 46.09.040, it can be operated on nonhighway roads under the new RCW 46.09.115, as well as on public highways under the licensing and display exemption of RCW46.16.010(5). Such a reading is not supported by the totality of the regulatory scheme for ORVs under RCW 46.09 and EHB 1003. EHB 1003 was intended to enhance off-road trail connections by making certain nonhighway roads and parking lots available for use of ORVs, which by definition are for "recreational purposes on nonhighway roads, trails, or a variety of other natural terrain." RCW 46.09.020(13). A reading of EHB 1003 as opening all public highways to ORV use would be inconsistent with the intent of the Legislature and of the Governor in enacting the bill.
Our analysis is not altered by another change to RCW 46.09, referenced in your letter. EHB 1003 added a new section, RCW46.09.117, which provides:
(1) Except as specified in subsection (2) of this section, no person under thirteen years of age may operate an off-road vehicle on or across a highway or nonhighway road in this state.
(2) Persons under thirteen years of age may operate an off-road vehicle on a nonhighway road designated for off-road vehicle use under the direct supervision of a person eighteen years of age or older possessing a valid license to operate a motor vehicle under chapter 46.20 RCW.
Subsection (1) establishes the general rule that a person under 13 years of age cannot operate an ORV on either a highway or nonhighway road. Subsection (2) then creates an exception to the general rule for nonhighway road use when under the direct supervision of a person 18 years of age or older. The rule and its exception are compatible with the remainder of the ORV regulatory scheme. ORVs may be operated only on certain nonhighway roads, parking areas, and private nonhighway roads as described in RCW 46.09.115 and, for people under the age of 13, only under the direct supervision of a person 18 years of age or older. This is also consistent with the Governor's Partial Veto Message for EHB 1003. She wrote:
Sections 1 through 7 and 9 of Engrossed House Bill 1003 provide for increased flexibility and improved safety requirements when operating an off-road vehicle. Specifically, no person under the age of thirteen (13) years may operate an off-road vehicle unless directly supervised by a person over the age of eighteen (18)[.]
Governor's Partial Veto Message on EHB 1003 (Apr. 28, 2005);Grange v. Locke, 153 Wn.2d 475.
In conclusion, based on this regulatory framework as amended by EHB 1003, a properly permitted ORV displaying a current ORV tag may not be operated over and along a public highway. It may be operated only on certain nonhighway roads, parking areas, and private nonhighway roads described in RCW 46.09.115. This conclusion is consistent with the Governor's veto message and the Legislature's finding quoted above.
2. In the alternative, is an ORV that has a valid ORVuse permit and is displaying a current ORV tag prohibited fromoperating over and along a public highway?
As explained in our response to Question 1, yes, an ORV that has a valid ORV use permit and is displaying a current ORV tag is prohibited from operating over and along a public highway in the state of Washington.
3. Can a city, county, or other political subdivisionof this state adopt regulations or ordinances to permit theoperation of ORVs on streets or highways within its boundaries,where those streets or highways are "public highways" or are opento the use of the public for purposes of vehicular travel?
In enacting EHB 1003, the Legislature intended to give flexibility to the local, state, and federal jurisdictions to allow ORV use on nonhighway roads they own and manage or for which they are authorized to allow public ORV use under an easement granted by the owner. The Legislature had an opportunity to permit the operation of ORVs on other highways as designated by the jurisdictions. But, as described above, the Legislature chose to restrict ORV use to certain nonhighway roads and parking areas. "Nonhighway road" means:
[A]ny road owned or managed by a public agency or any private road for which the owner has granted an easement for public use for which appropriations from the motor vehicle fund were not used for (a) original construction or reconstruction in the last twenty-five years; or (b) maintenance in the last four years.
RCW 46.09.020(7). In contrast, a "highway" is defined for purposes of RCW 46.09 to mean:
[T]he entire width between the boundary lines of every roadway publicly maintained by the state department of transportation or any county or city with funding from the motor vehicle fund. A highway is generally capable of travel by a conventional two-wheel drive passenger automobile during most of the year and in use by such vehicles.
RCW 47.09.020(5). Your question poses the possibility that there may be local streets or highways that meet the definition of nonhighway. Based on the definitions above, a highway could never meet the definition of nonhighway. A local street could meet the definition of nonhighway road depending on the use of motor vehicle funds for construction, reconstruction, or maintenance.
Your question also requires that we reconcile the 2005 Legislature's intent with provisions in RCW Title 46 addressing the uniformity throughout the state in laws governing vehicle use and local authority to regulate ORVs.
RCW 46.08.020 provides:
The provisions of this title relating to vehicles shall be applicable and uniform throughout this state and in all incorporated cities and towns and all political subdivisions therein and no local authority shall enact or enforce any law, ordinance, rule or regulation in conflict with the provisions of this title except and unless expressly authorized by law to do so and any laws, ordinances, rules or regulations in conflict with the provisions of this title are hereby declared to be invalid and of no effect. Local authorities may, however, adopt additional vehicle and traffic regulations which are not in conflict with the provisions of this title.
Although the Legislature did not intend by this language to preempt the entire field of traffic regulation, there is a desire for uniformity. State v. Greene, 97 Wn. App. 473, 983 P.2d 1190
(1999); City of Seattle v. Williams, 128 Wn.2d 341, 908 P.2d 359
(1995). RCW 46.08.020 does not allow a city, county, or other political subdivision to enact a law in conflict with the provisions of the Motor Vehicle Code, RCW Title 46. The test for whether a local law is "in conflict" with the state law is whether the local law expressly permits or licenses that which the state statute forbids and prohibits, or vice versa. Greene,97 Wn. App. at 476.
In the scenario suggested by your question, if a local jurisdiction enacts a law allowing the operation of ORVs on any road other than the nonhighway roads described in RCW 46.09.115, the local law would expressly permit that which RCW 46.09.115
forbids. As a result, the local law would be "in conflict" with state law and would be invalid under RCW 46.08.020. RCW 46.09.115
allows the operation of ORVs upon a nonhighway road and in parking areas serving designated off-road vehicle areas if the state, federal, local, or private authority responsible for the management of the nonhighway road authorizes the use of the ORVs. This is the extent of the local jurisdictions' authority to designate the roads upon which ORVs may be operated.
RCW 46.09.180 may seem initially to create an exception from the above analysis in the case of ORVs. Enacted in 1971, RCW46.09.180 provides:
Notwithstanding any of the provisions of this chapter, any city, county, or other political subdivision of this state, or any state agency, may regulate the operation of nonhighway vehicles on public lands, waters, and other properties under its jurisdiction, and on streets or highways within its boundaries by adopting regulations or ordinances of its governing body, provided such regulations are not less stringent than the provisions of this chapter.
However, the last proviso, "provided such regulations are not less stringent than the provisions of this chapter", allows reconciliation with RCW 46.08.020. In a 1971 memo to the Governor recommending signature of ESSB 372, this section was described as follows: "Any other governmental agency may regulate ATV's so long as the regulations are more stringent than the provisions of this act." Memo from Chuck Wiggins to Governor Evans, at 3 (May 5, 1971). See Blair v. WashingtonState Univ., 108 Wn.2d 558, 567, 740 P.2d 1379 (1987) (Court relying upon memoranda from Governor's legal staff as an element of legislative history when interpreting statutes). The Legislature faced a spectrum of possible regulations of ORVs reaching from the complete prohibition of ORVs to the unregulated operation of ORVs, with a range of alternative regulations in between. The Legislature chose to regulate ORVs by restricting the place (designated nonhighways) and the manner (permits, tags, older than 13 years of age) of operation. A local law that regulated operation of ORVs in a less restrictive place (any road besides nonhighways) or less restrictive manner (any age operator) would be less stringent than the provisions of RCW 46.09. Any such local law would be invalid.
In conclusion, unless a street meets the definition of "nonhighway road" in RCW 46.09.020(7), a city, county, or other political subdivision of this state may not adopt regulations or ordinances to permit the operation of ORVs on streets or highways within its boundaries.
We trust the foregoing will be of assistance.
Sincerely,
ROB MCKENNA, Attorney General
Terese (T.C.) Neu Richmond Senior Assistant Attorney General
:pmd
[1] "`Off-road vehicle' or `ORV' means any nonstreet licensed vehicle when used for recreational purposes on onhighway roads, trails, or a variety of other natural terrain. Such vehicles include, but are not limited to, all-terrain vehicles, motorcycles, four-wheel drive vehicles, and dune buggies." RCW 46.09.020(13).